## MANUEL FRANCO vs. JACOB MAKER.
### JACINTHO R. MERCEDE vs. SAME.

Bristol.    October 25, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant. Negligence,* Of one controlling real estate, In causing
damage by fire.

Where a tenant of an apartment in a tenement house declared to his landlord
his intention to move out the next day unless certain frozen sewer pipes in the
house were thawed out, whereupon the landlord agreed to thaw out the pipes
and, in attempting to do so, did it negligently and set the house on fire, causing
property of the tenant to be damaged or destroyed, in an action for such dam-
age and loss it was *held,* that the jury were warranted in finding that the
plaintiff impliedly agreed to remain as the defendant's tenant if the defendant
would thaw out the pipes, and that, on such a finding, the defendant's under-
taking was not gratuitous but for a valid consideration and in its performance
he was bound to exercise reasonable care and skill and was liable to the plain-
tiff for damage.caused by his failure to exercise such care and skill.

TWO ACTIONS OF TORT, each by a tenant in a tenement house
owned and controlled by the defendant in Eagan's Court back of
Spring Street in Fall River, for damage to and loss of property by
reason of a fire alleged to have been caused by the defendant's
negligence on February 12, 1912. Writs in the Second District
Court of Bristol dated February 15, 1912.

On appeal to the Superior Court the cases were tried together
before *Hall,* J. At the close of the evidence, which is described in
the opinion, the defendant asked the judge to rule that upon all
the evidence the plaintiffs could not recover. The judge refused
to make this ruling, and submitted the cases to the jury, who re-
turned a verdict for the plaintiff Franco in the sum of $300 and
a verdict for the plaintiff Mercede in the sum of $75.

*A. S. Phillips,* for the defendant.

*F. M. Silvia,* for the plaintiffs.

CROSBY, J. The defendant was the owner of a two story house
containing four tenements on each floor. The plaintiffs occupied
the northerly tenement on the second floor. During a period of

very cold weather the water and sewer pipes in the house became frozen. The main sewer pipe was in the cellar and extended from the ground up to within eighteen inches of the floor joists of the first floor, and other sewer pipes leading to the various tenements were connected with it.

There was evidence that the plaintiffs had told the defendant that unless the sewer pipes could be cleared of ice they would move the next day, and that "the defendant offered to do what he could to relieve the existing condition."

There was also evidence to show that on the same evening that the plaintiffs had threatened to move the defendant and another tenant undertook to thaw out the sewer pipes in the cellar; that they wrapped burlap around the ends of two iron pipes, soaked the burlap in kerosene and, after setting fire to the burlap, held it close to the sewer pipe; that shortly afterwards the house was discovered to be on fire and by reason of the fire certain personal property of the plaintiffs was damaged. This action is brought to recover for the damages so sustained.

There was evidence from which the jury were warranted in finding that the plaintiffs impliedly agreed to remain as the defendant's tenants if the defendant would thaw out the pipes. If so, the defendant's undertaking was not gratuitous, but was for a valid consideration, and, having attempted to perform it, he was obliged to exercise reasonable care and skill, and if by negligence in doing the work, the property of the plaintiff was injured or destroyed, the defendant would be liable in damages.

There was ample evidence from which the jury would have been justified in finding that the house was set on fire by the defendant, or by his tenant who was assisting him, and that the tenant was acting under the direction and control of the defendant. The jury also might have found that the method adopted to thaw the pipes was negligent in view of the fact that the end of the frozen sewer pipe where the lighted torch was applied was only eighteen inches from the wooden floor and timbers above it. The case was properly submitted to the jury, and the entry must be

*Exceptions overruled.*