HOME SAVINGS BANK *vs.* SAMUEL SAVRANSKY & another.

Middlesex.     October 11, 1940. — December 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Findings by judge; Requests, rulings and instructions; Appellate Division: report, appeal; Rules of court. *Error,* Whether harmful.

In an action in a District Court for damage by fire alleged to have been negligently set by the defendant, certain specific findings by the judge as to acts done by the defendant and a finding for the plaintiff, but without a specific finding that the defendant was negligent, did not show that a categorical refusal of proper rulings, that the evidence warranted a finding for the defendant, that the mere occurrence of the fire did not establish negligence and that proof of negligence was necessary to recovery, was on the ground that the requested rulings were inapplicable or immaterial; and their refusal was reversible error.

The rule, that a general finding by a District Court judge imports the finding of all subsidiary facts necessary to that conclusion warranted by the evidence, cannot be invoked to show that a refusal by him of requests for rulings was proper in view of the facts or to show compliance with Rule 27 of the District Courts (1932), as amended.

TORT. Writ in the Third District Court of Eastern Middlesex dated April 12, 1938.

The case was heard by *Walcott,* J., and in this court was submitted on briefs.

*C. R. Goldstein,* for the defendants.

*W. I. Came,* for the plaintiff.

Cox, J. This is an action of tort to recover for damage caused to the plaintiff's building by a fire alleged to have

been negligently set by the defendants. The Appellate Division for the Northern District found that there was no prejudicial error and ordered the report of the trial judge dismissed.

The defendants, under contract, were engaged in cutting certain pipes that were connected with the heating and power unit in the basement of the plaintiff's building, and in the performance of this work applied an oxygen-acetylene torch within eight or ten inches of the sheet metal ceiling that covered the beams or timbers. No insulation was used about the pipes while they were being cut. There was evidence that none was necessary. On the day of the fire some of the employees, under the supervision of one of the defendants, were engaged in cutting a pipe until about 11:50 in the forenoon when they stopped for lunch, closed the torches and apparently left the premises "without leaving any guard." About noon, the janitor of the building gave the alarm of fire, and about one o'clock some timbers, in the ceiling of the basement, that were most charred and blackened were found to be at a point directly over the pipe that was being cut just before the lunch period. There was no one in the basement from the time the employees left to the time the fire was discovered upstairs. There was extensive damage to the suite over the basement, to the back stairs and roof.

The defendants contend that there was error in the denial of the following requests for rulings, which were seasonably presented: "1. The evidence does not warrant a finding for the plaintiff. 2. The evidence warrants a finding for the defendants. 3. The evidence does not warrant a finding that the defendants were negligent. 4. It is insufficient to show an occurrence of a fire to establish negligence. 5. There can be no recovery without proof of negligence. . . . 7. The cause of the fire is conjectural." In dealing with these requests, the judge reported as follows (Rule 27 of the District Courts [1932] as amended): "In reference to the requests for rulings all of which I deny I find that defendants . . . in cutting a pipe with an oxygen-acetylene torch came within 8 to 10 inches of ceiling. At 11:50 when pipe was cut

three quarters thru by this gas flame having temperature 1800° Fahr. Savransky quit for lunch without leaving any guard and at 12 the janitor of the building gave the alarm of fire which had spread from the ceiling above this cut pipe. At 1 P.M. Nov. 3 . . . [the] timbers in ceiling of basement engine room [were found to be] charred and blackened directly at point where pipe was removed. I find as fact that Savransky's torch started the fire and that the plaintiff did not waive any right to hold . . . defendant for negligence."

The report contains no statement whether the finding was for the plaintiff or the defendants, but the case is here on the defendants' appeal, and it must be assumed in these circumstances that the finding was for the plaintiff. *Bresnick* v. *Heath*, 292 Mass. 293, 296.

It has repeatedly been held that a trial judge, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93, and cases cited. "He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved." *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. *Cameron* v. *Buckley*, 299 Mass. 432, 433.

Upon this record there was no error in the denial of the first, third and seventh requests. *Franco* v. *Maker*, 223 Mass. 71. *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.* 105 Conn. 640, 645, 646. *Reliance Ins. Co.* v. *Pohlking*, 60 Ohio App. 156. See *Wallace* v. *New York, New Haven & Hartford Railroad*, 208 Mass. 16; *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297.

The second request, that the evidence warranted a finding for the defendants, was proper. It was error to deny it unless, as matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated that

it was inapplicable or immaterial because of the findings. *Bresnick* v. *Heath*, 292 Mass. 293, 298. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 448. See *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94, 95. In *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, the judge in the District Court refused to rule, in substance, as requested by the plaintiff, that the evidence warranted a finding in his favor, and found for the defendant. It was said at page 456: "If such a requested ruling has been refused, and nothing more appears than that a general finding for the defendant has followed, that general finding will be deemed the result of a ruling, implicit in the refusal of the ruling requested, that the evidence did not warrant a finding for the plaintiff. If the evidence did warrant such a finding, the refusal of the requested ruling is error, because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact." In that case, however, it was decided that the special finding of the trial judge supported and required his general finding, and that the result of the case did not depend upon the refusal to rule and the ruling implied in that refusal. We are of opinion that, on the facts disclosed by the record in the case at bar, a finding for the defendants could not have been disturbed.

There are instances where it has been held that a general finding for one party, with its implications, was sufficient to render the requests for rulings, presented by the other and denied, inapplicable to the facts found on which the rights of the parties depended. *Mericantante* v. *Boston & Maine Railroad*, 291 Mass. 261, 263. *Nicoli* v. *Berglund*, 293 Mass. 426. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93. In each of these cases, which were decided before the amendment to Rule 27 of the District Courts (1932), effective October 1, 1937, was adopted, the judge denied the requests as inapplicable to the facts found.

The plaintiff contends that there was no error in the denial of the second request in view of the special findings of the trial judge, hereinbefore quoted. In this connection it is to be considered that the judge denied the fourth and fifth

requests as well. We are of opinion that these special findings do not go to the extent that it can be said that there was no error in the denial of the second request, and that the case is distinguishable from *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93, *Cameron* v. *Buckley,* 299 Mass. 432, *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, *Marquis* v. *Messier,* 303 Mass. 553, *Ajax Shoe & Leather Co.* v. *Selig,* 305 Mass. 389, 391, and *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 448. The facts, as found, that the defendants' torch started the fire when used in the manner found, do not go to the extent of establishing negligence so that, as matter of law, a finding for the defendants was not warranted. See *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16, 19, 20; *Franco* v. *Maker,* 223 Mass. 71, 72; *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297, 301, 302. Nor do they support the general finding so that it can be said that the result of the case did not depend upon the refusal to give the second request and the ruling implied in that refusal. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, 456. In dealing with the defendants' sixth request, to the effect that the parties may contract against liability even for negligence, the judge had no difficulty, and categorically stated that the plaintiff did not waive any rights to hold the general contractor or the defendants for negligence.

Finally, the plaintiff contends that there was no error in the denial of the second, fourth and fifth requests because of the general rule that a general finding for a plaintiff is a finding, in so far as the question was in issue, that the negligence of the defendants caused the injury or damage alleged, *Royal Steam Heater Co.* v. *Hilchey,* 257 Mass. 512, 515, and that a finding for the plaintiff imports a finding of all subsidiary facts essential to that conclusion and must stand unless unsupported by the evidence, *Mahoney* v. *Norcross,* 284 Mass. 153, and that the general finding of the trial judge in favor of the plaintiff imports the finding of subsidiary facts and the drawing of all rational inferences essential to that conclusion. *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 484. *Nicoli* v. *Berglund,* 293 Mass. 426, 428. *Mac-*

*Donald* v. *Adamian,* 294 Mass. 187, 190–191. Subject to what was said in *Lakeville* v. *Cambridge, ante,* 433, 437, these are correct statements of law. But a judge, in finding the facts, must be guided by correct rules of law which he has adopted. No one could be heard to say, if a judge made a general finding for a plaintiff in a case where the only possible ground of recovery was the negligence of the defendant, and, at the same time, denied a request for ruling that the only possible ground for recovery was this negligence, and, in denying the request, categorically stated that it did not correctly state the law, that the denial of the request was free from error.

The rule of law as to the effect of a general finding, however, does not go to the extent of curing an error in the refusal of such a request as the second in the case at bar, for reasons already stated.

Rule 27 of the District Courts (1932), as amended, provides, among other things, that "Decisions of the trial Justice as to all requests for rulings duly filed shall be in writing and shall be included in the report as allowed or established. Whenever any requests for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the Court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed." We must assume that the judge's statement was intended by him as a compliance with this rule. The rule of law as to the force and effect of a general finding ought not to be invoked to piece out special findings or the statement of a judge under Rule 27, so as to enable one to say that, although he has not demonstrated under the rule that his action was free from error, nevertheless his statement and the rule of law do accomplish this purpose. The rule as to general findings was never intended for any such purpose. It is a reasonable and salutary rule, but it is not to be invoked to relieve the trier of facts from making pertinent rulings of law, upon proper requests therefor. Proof of the de-

fendants' negligence is the foundation of the plaintiff's case.

It is true that the action is in tort for negligence, and it is difficult to understand why the judge denied the fifth request, to the effect that there could be no recovery without proof of negligence, elementary as it is, or why he should deny the fourth request, to the effect that the mere occurrance of a fire is insufficient to establish negligence. See *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16, 19, 20; *Little* v. *Lynn & Marblehead Real Estate Co.* 301 Mass. 156, 159. The plaintiff concedes, as it must, that the fifth request stated the law correctly, but contends that any error in its denial was not prejudicial. It contends that the denial of the fourth request was not error, inasmuch as it sufficiently appears that the finding for the plaintiff was based upon negligence and not upon the mere occurrence of the fire. *Schmoll Fils & Co. Inc.* v. *S. L. Agoos Tanning Co.* 256 Mass. 195, was heard by a judge of the Superior Court without a jury. He did not pass upon the plaintiff's requests, and it was said, at page 200, that "the exceptions must be sustained unless upon a consideration of the whole case it is evident they are based upon assumed facts not fairly warranted by the evidence, or that they are immaterial or inapplicable in view of facts distinctly found and stated as the ground of refusal." We are of opinion that there was error in the denial of the second, fourth and fifth requests.

The order of the Appellate Division dismissing the report is reversed, the finding for the plaintiff is vacated, and the case is to stand for trial.

*So ordered.*