Riley, J.,
This action of tort is brought by the plaintiff to recover for personal injuries and property damage as the result of a collision between an automobile owned and operated by the defendant and one owned by the plaintiff in which he was riding and which was being operated by his nephew, one Steiner. The trial judge made a finding for the plaintiff. In a suit brought by Steiner *499 against the defendant in this case, arising out of the same accident and tried with the present case, the judge made a finding for the defendant. In the case at bar he also ruled, at the request of the defendant, that Steiner was negligent in the operation of the car at the time of the accident. The only questions raised by the Report are involved in the Requests for Rulings filed by the defendant and denied by the trial judge relating to the agency of Steiner for the plaintiff in the operation of the automobile.
It appears from the evidence that Steiner, the plaintiff’s nephew, was 16 years old at the time of the accident and had held a license to operate an automobile for approximately three months prior thereto; that the plaintiff had talked by telephone with his aunt, who was in Milford, Connecticut, for the summer, and arranged to go to Milford on the day of the accident to get her and bring her back from there to Springfield; that he had tallied with Steiner and invited him to go along with him to do the driving, as Steiner wanted to drive; that the plaintiff’s occupation was that of a travelling salesman and in the course of his duties as a travelling salesman he drove a considerable distance every week, having driven approximately fifteen hundred miles during the week before the accident, and that he was tired of driving, i. e. he was not physically tired, but wanted some one else to drive; that Steiner had no interest in the trip other than a day’s outing and a swim at the beach, and the trip was not planned for any purpose of his or for his benefit. The trip started from the plaintiff’s home on #77 Gilbert Avenue, in Springfield, and from there the plaintiff and Steiner at the wheel were proceeding toward- Milford when -the accident occurred. *500 Steiner knew the way to Milford and didn’t need directions. The plaintiff made no protest and said nothing about the manner in which Steiner was operating the automobile. There is no evidence of where the plaintiff was sitting in his automobile, a Nash coach, at the time of the accident or what he was then doing except that it is recited that neither he nor Steiner saw the defendant’s automobile until it had reached the center of the intersecting street where the accident occurred.
In reference to the relationship existing between the plaintiff and his nephew Steiner, the court found that Steiner accepted the plaintiff’s invitation to drive the automobile on the day in question and drove it for the pleasure he might derive from the trip; that at the time of the accident he was the guest of the plaintiff and not his agent; that they were not co-operating in a common or joint enterprise ; that the plaintiff gave no directions and assumed no right to control his conduct in the operation of the automobile ; that no inference is drawn under these circumstances of retention of control by the owner and that the contributory negligence of the operator of the plaintiff’s automobile was not imputable to the plaintiff.
Upon the evidence reported it would seem that a finding for the defendant was well warranted on the ground that the plaintiff’s nephew, who was guilty of negligence contributing to the accident, was the plaintiff ’s agent at that time. However, the defendant filed no Request that the plaintiff was not entitled to recover as matter of law. It is true that it has ordinarily been considered a question of fact. Wheeler vs. Darmochwat, 280 Mass. 553. Ballou vs. Fitzpatrick, 283 Mass. 336. Guy vs. Union Street Railway Co., 289 Mass. 225. Foley vs. Hurley, 288 Mass. 354. *501 Deyette vs. Boston Elevated, 297 Mass. 129. Browne vs. Moran, 300 Mass. 107. Kingsbury vs. Terry, 300 Mass. 516. Sanjean vs. Hyman, 302 Mass. 224.
When the owner of an automobile is riding in it while another is driving, the inference is warranted that the owner has retained the right to control its operation. Foley vs. Hurley, 288 Mass. 354. Wheeler vs. Darmochwat, 280 Mass. 553, 557. This situation raises a prima facie case of control by the owner. Guy vs. Union St. Railway Co., 289 Mass. 225, 230. In the same case it is said that it is not necessary that there be an actual control by the owner to make the operator a servant or agent of the owner, it being sufficient that there is a right to control, and further that the fact alone that the owner did not exercise control would not be sufficient to show abandonment of control.
The judge denied the defendant’s 4th and 7th Requests which were as follows:
4. The fact that the plaintiff was riding in his own automobile is enough standing alone to warrant a finding that he retained the right, arising from ownership, to control its operation.
7. The Court is warranted in finding that the plaintiff retained the right to control without any actual exercise of control by the plaintiff.
He stated in respect to each that they were denied as immaterial in view of the court’s finding for the other party. The manner in which the court dealt with these Requests is the chief error argued by the defendant.
We think these Requests were correct statements of law and the refusal was prejudicial to the rights of the defendant unless the judge, by clear and explicit findings of fact, demonstrated that they were immaterial or that his Deci *502 sion was not influenced by their refusal. We do not think the reason given, "in substance that he had found for the plaintiff, rendered them immaterial or was a satisfactory reason for their denial. Home Savings Bank vs. Savransky, 307 Mass. 601, 603-606, and cases cited. Requests for Rulings ought not to be denied on the ground that they are immaterial or inapplicable without proceeding to make such clear and definite findings as will demonstrate the correctness of that assertion. Commonwealth vs. Hull, 296 Mass. 327, 337 and eases cited. Freeman vs. Crowell & Thurlow, Inc., 296 Mass. 514, 518. The trial judge must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper request therefor he must state the law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. Adamatis vs. Metropolitan Life Ins. Co., 295 Mass. 215, 219.
It is true in the case at bar the judge found that the plaintiff’s nephew was his guest and not his agent. However, a judge in finding the facts must be guided by correct rules of law which he has adopted. Home Savings Bank vs. Savransky, 307 Mass. 601 at 606. Apparently the judge based this finding in reference to agency on the fact that the plaintiff gave no directions to his nephew and assumed no right to control his conduct in the operation of the automobile since he set these out in his finding and followed it by a statement that no inference is drawn under these circumstances of retention of control by the owner. The plaintiff’s presence in the car gave him not only the right but the duty to control his nephew in the operation of the automobile and it was essential that the evidence showed that he had divested himself of this right. *503 Guy vs. Union St. Railway, 289 Mass. 225 at 229 and cases cited. The denial of the defendant’s 4th and 7th Bequests, together with these findings of the trial judge, make it uncertain whether the trial judge applied correct principles of law in arriving at his decision. Markiewicz vs. Toten, 293 Mass. 434, 437.
We are of the opinion that there was prejudicial error and that the case should be sent back for a new trial.