PUTNAM, C. J. (Barron, J., and Keniston, J.)
— Between 10. and 11 o’clock A. M. on a legal holiday the plaintiff went to a hotel in- Boston operated by the defendant and went to the “main” barber-shop, which he found to be closed. Then, after a conference with a captain of bell-boys, he went with a page-boy to another barber-shop in the basement. He had never been in it before. It contained 2 or 3 chairs, and he was apparently given service there, in the course of which he was negligently injured. There were no signs in or about the shop to indicate who owned or operated it. In fact it was operated by one Louvanis who was not in the employ of the defendant and who leased the space from the defendant. His ‘•principal trade” came from the defendant’s employees, who paid him for his services. The plaintiff knew nothing about this arrangement. The action is one of tort for negligence. The trial judge made a general finding .for the plaintiff.
The question of law raised by the report is therein stated *153 to be “that there was not evidence sufficient to warrant a finding' that the plaintiff’s injuries were caused by the negligence of any person for whose conduct the defendant was ■legally responsible,” and ¡this question is properly raised by the defendant’s claim of a report of the judge’s denial of its third requested ruling.
The general finding for the plaintiff imports a finding of all subsidiary facts (including that of reliance by the plaintiff upon the appearance of things; Federal National Bank of Boston v. O’Connell, 305 Mass. 559, 567) necessarily involved in, and essential to, the general finding. Home Savings Bank v. Savransky, 307 Mass. 601.
We find no sound ground upon which to distinguish this case from the very recent decision of the Supreme Judicial Court in Barron v. McLellan Stores Company, Mass. Adv. Sh. (1942) 295 (28 BTL 183).

Report dismissed.