MARGARET REGAN *vs.* THE ATLANTIC REFINING COMPANY.

Suffolk. October 6, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*Limitations, Statute of. Snow and Ice. Statute, Construction.*

The limitation of time within which may be brought against a person an action founded on a defective condition of his premises or adjoining ways caused by or consisting in part of snow and ice is the six year limitation in § 2 of G. L. (Ter. Ed.) c. 260.

Section 21 of G. L. (Ter. Ed.) c. 84 merely established as to notice a condition to the enforcement of the common law right to recover for injuries sustained by reason of snow and ice on premises of private persons or adjoining ways and did not bring an action therefor within the two year limitation established by § 18.

TORT. Writ in the Municipal Court of the Dorchester District of the City of Boston dated January 18, 1940.

The case was heard by *Shulman*, J.

*M. Michelson*, for the plaintiff.

*W. White*, for the defendant.

Cox, J.  The plaintiff, on January 23, 1935, was injured in a fall on the defendant's premises due to an accumulation of snow.  She gave due notice under G. L. (Ter. Ed.) c. 84, and brought this action of tort by writ dated January 18, 1940.  The trial judge of the District Court denied her request to the effect that the action was brought within the period of the statute of limitations and found for the defendant.  The Appellate Division ordered the report of the case dismissed, and the plaintiff appealed.  The denial of her request presents the only question.

General Laws (Ter. Ed.) c. 84, entitled "Repair of Ways and Bridges," provides a remedy by an action of tort for a person who sustains bodily injury or damage in his property by reason of a defect or want of repair or a want of a sufficient railing in or upon a way, subject to the provisions of §§ 15, 16 and 17 of said chapter.  Section 18 of said chapter, inserted by St. 1933, c. 114, § 1, provides for notice by the injured person which shall be given within ten days after the injury, "if such defect or want of repair is caused by or consists in part of snow or ice, or both," and §§ 19 and 20 of said chapter, inserted respectively by St. 1933, c. 114, §§ 2 and 3, provide for the service of notice and the effect of defective notices.  Section 21 of said chapter provides that "The three preceding sections, so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises, or of adjoining ways, when caused by or consisting in part of snow or ice; provided, that notice within thirty days after the injury shall be sufficient . . . ."  This section contains further provisions as to notice in the event of the physical or mental incapacity of the injured person and, in case of his death, the manner in which notice may be given and the effect of any inaccuracy or misstatement in respect to the owner's name.

We are of opinion that it was error to deny the plaintiff's request.

The General Statutes, effective June 1, 1860, by § 22 of

c. 44, gave a person injured through a defect or want of repair of a way, a right to recover in an action of tort with no specific limitation as to the time within which the action must be brought. By § 1 of Gen. Sts. c. 155, all actions of tort, except those thereafter mentioned, were required to be commenced within six years next after the cause of action accrued. None of the exceptions related to actions brought under said c. 44. See now G. L. (Ter. Ed.) c. 260, §§ 2 and 3, § 4 as inserted by St. 1937, c. 385, § 9, and § 19. Statute 1877, c. 234, repealed said § 22 of Gen. Sts. c. 44, and provided, among other things, that the action must be brought within two years after the date of the injury, and also that notice be given by the injured person within thirty days of his injury. See Pub. Sts. c. 52, §§ 18, 19, 20 and 21. Statute 1894, c. 422, for the first time, required that the notice of injury be given within ten days if the defect or want of repair was caused by or consisted of snow or ice or both, whether wholly or in part. See R. L. c. 51, §§ 20, 21 and 22.

Statute 1908, c. 305, entitled "An Act relative to notices to be given in certain cases of accidents," provided as follows: "The provisions of sections twenty, twenty-one and twenty-two of chapter fifty-one of the Revised Laws, in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice. Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions." This statute was amended by St. 1913, c. 324, so as to provide, so far as material, that "notice within thirty days after the injury shall be sufficient." Statute 1917, c. 344, entitled "An Act to codify and revise the laws relating to highways and bridges," contained, in Part IV, § 26, the earlier provisions of law that the person injured should give notice within ten days if the defect or want of repair was

caused by or consisted in part of snow or ice, or both, and that he might, within two years after the date of injury, recover damages therefor in an action of tort. When the General Laws, effective January 1, 1921, were enacted, the provisions of said St. 1908, c. 305, and St. 1913, c. 324, were incorporated in c. 84, entitled "Repair of Ways and Bridges," in § 21. See G. L. c. 84, § 21, as inserted by St. 1930, c. 98, § 1.

The defendant contends that said St. 1908, c. 305, was enacted as an amendment to §§ 20, 21 and 22 of c. 51 of the Revised Laws. We find nothing in the legislative history of G. L. (Ter. Ed.) c. 84, § 21, to support this contention. All that the Legislature did in 1908 was to make the provisions of said §§ 20, 21 and 22, "so far as they relate to notices of injuries resulting from snow or ice," applicable to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition was caused by, or consisted in part of, snow or ice. This action was, in effect, the same as if the relevant provisions of these three sections had been set out in full and made applicable to actions described in said c. 305. The right of action against a municipality to recover damages for injuries on account of a defect in a public way is created and limited by statute. *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169, 174. The effect of G. L. c. 84, § 21, was considered in *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143, where it was said, at pages 145–146: "The statute did not create a liability on the part of an owner of real estate for a defective condition existing thereon; that liability rests on common law principles. It manifestly put a limitation on the common law right of a person injured through a defective condition consisting in whole or in part of snow or ice and existing on some portions at least of an owner's real estate. It required a written notice of the time, place and cause of the injury as a condition precedent to maintaining an action, whereas at common law no such notice was necessary." No question of the statute of limitations was involved in that case, but the quoted language is sig-

nificant. See *Leahan* v. *Cochran*, 178 Mass. 566, 569; *Lawless* v. *Trustees of New York, New Haven & Hartford Railroad*, 310 Mass. 211, 213. Whatever right of action the plaintiff in the case at bar has is at common law, wholly independent of any statute except in so far as the provisions as to notice are concerned. The language of the statute is plain. We think it was incorporated into the highway statute so called (G. L. [Ter. Ed.] c. 84) for purposes of convenience, but without any purpose, express or implied, of limiting the time within which action must be brought to two years from the date of injury.

General Laws (Ter. Ed.) c. 260, § 2, provides, among other things, that actions of tort, except as otherwise provided, shall be commenced only within six years next after the cause of action accrues. Section 3 provides a limitation of four years for actions against sheriffs and their deputies. Section 4, even before, as well as after, it was amended by St. 1937, c. 385, § 9, described a variety of tort actions, as well as others, where the limitation was one or. two years, including "actions of tort for injuries to the person against counties, cities and towns." There is no special reference to this plaintiff's cause of action. Section 19 of said c. 260 provides that "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." We are of opinion that the plaintiff's right to bring her action within six years next after its cause accrued was not limited by any of the special limitations contained in said chapter or by anything contained in § 21 of said c. 84.

The order of the Appellate Division dismissing the report is reversed, the finding for the defendant is vacated, and the case is to stand for trial. *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 607.

*So ordered.*