Rose SAUNDERS

v.

UNITED STATES of America.

Civ. A. 56–1098–A.

United States District Court
D. Massachusetts.

April 30, 1957.

John R. Serafini, Salem, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Charles F. Barrett, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

In this FTCA action the government, supported by its affidavit and plaintiff's deposition, moves for summary judgment. No contrary affidavit has been filed. The facts most favorable to the plaintiff would show that on December 25, 1955 the plaintiff, while lawfully walking on the Customhouse sidewalk in Salem, Massachusetts, fell on ice negligently accumulated by the government. Mass.G.L. (Ter.Ed.1932) Ch. 84, § 21, provides, in substance, that the provisions of the three sections immediately preceding, requiring notice to a municipality before action may be brought for injuries due to snow and ice, shall apply to similar actions against private parties. The notice must be in writing, Ch. 84, § 19, and given within 30 days, § 21. Plaintiff did not comply.

By the laws of Massachusetts there is a difference between snow and ice cases against municipalities and against individuals. As against municipalities the action exists only by virtue of the statute. See Regan v. Atlantic Refining Co., 312 Mass. 302, 305–306, 44 N.E.2d 669. With relation to private defendants the statute is a limitation upon a common law cause of action. DePrizio v. F. W. Woolworth Co., 291 Mass. 143, 196 N.E. 910. Nevertheless it is an effective limitation, because the court has held that even against a private defendant the giving of the notice is a condition precedent to the accrual of the cause of action. Miller v. Rosenthal, 258 Mass. 368, 155 N.E. 3. The difference between a condition giving rise to the right of action, and a mere condition subsequent was well pointed out in Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416. Accordingly, even if I assume, as I do, that the United States by virtue of the FTCA is in the position of a private party as distinguished from a municipality, it seems clear that the giving of notice goes to the substance of the action, as distinguished from being a mere procedural matter which the largesse of the Act might be claimed bountifully to ignore. It follows that the defendant's motion for summary judgment must be allowed.