*Northern District*

No. 5355

**MEYER H. GOLDMAN, TRUSTEE**

v.

**NINO ALESSANDRONI**

(February 15, 1960)

*Present:* Gadsby, P. J., Brooks and Northrup, JJ.

Case tried to *Artesani, J.,* in the Third District Court of Eastern Middlesex. No. 167 of 1959.

*Northrup, J.* This is an action of contract originally brought in the names of Brooks Potter and Meyer H. Goldman, as Trustees, plaintiffs, against Nino Alessandroni, defendant, to recover the sum of $500.00 expended by the trustees and allegedly due them from said defendant, under an amended marital separation agreement dated August 13, 1957 between the aforesaid parties and Angiolina D. Alessandroni, the then wife of said defendant.

The plaintiffs' declaration is in three counts. Count I is on the contract and alleges full compliance by all parties with all of the provisions of the same. Count II is a common count for money paid out by the plaintiffs for the use of the defendant. Count III predicates the liability of the defendant upon the

alleged approval by the defendant of the acts of the plaintiffs and his agreement to pay as required by the terms of said amended agreement. The defendant's answer is a general denial, supplemented by a further answer in the nature of particulars wherein the defendant specifically denies liability on the grounds of non-compliance with certain conditions allegedly precedent thereto.

Before trial started, and by agreement of counsel, the name of Brooks Potter was stricken out as party plaintiff under a stipulation whereby the defendant agreed to raise no question of non-joinder.

*At the trial there was evidence tending to show that* on or about August 13, 1957 the defendant and his then wife Angiolina, with Brooks Potter and Meyer H. Goldman as trustees, in anticipation of a divorce between the husband and wife, entered into a written property settlement agreement whereby the defendant, in lieu of all claims of the wife for alimony, past, present and future, turned over to her a certain amount of cash and also conveyed to her the real estate and personal property located at 146 Park Ave., Arlington, Mass. which consisted of a fully equipped, furnished and operating nursing home.

Subsequent thereto, to wit: on August 23, 1957, as a result of the sewerage system at said property having backed up and flooded the cellar on several occasions, the defendant and his wife together with said trustees executed the following amendment to said agreement:

"Nino Alessandroni agrees that after Brooks Potter, Esq. consults with the Town of Arlington and a licensed plumber chosen by Brooks Potter, Esq. and in the event either the Town of Arlington or the said plumber determines, after examining said sewerage system that it needs repairs, replacements or changes in order to prevent permanently the recurrence of the said backing up and the flooding, he (Nino) will pay the cost of the said repairs, replacement or changes."

For almost a year following the execution of said amendment there was periodic correspondence between Goldman, who represented the wife and Potter, his co-trustee who represented the defendant, with respect to having the necessary work done on said sewer system. However, in spite of the provisions of Section 15 of the amended agreement, Potter did not at any time "consult" with the Town of Arlington as contemplated by the agreement nor did he consult with a licensed plumber chosen by him as provided therein. Furthermore, neither the Town of Arlington nor any plumber chosen by Potter, determined that the sewerage system at said property was in need of repairs, replacement or changes. (Further evidence in the case, material to the issues raised by this report is hereinafter set forth).

Upon conclusion of the testimony and before final arguments, the plaintiff duly filed the following requests for rulings:

"1. The evidence warrants a finding for the plaintiff under Count I.

2. The evidence warrants a finding for the plaintiff under Count II.

3. The evidence warrants a finding for the plaintiff under Count III.

4. There is no evidence to warrant a finding for the defendant under Count I.

5. There is no evidence to warrant a finding for the defendant under Count II.

6. There is no evidence to warrant a finding for the defendant under Count III.

7. Under the agreement between the parties dated Aug. 13, 1957, as amended, and in particular as amended by the supplemental agreement of August 23, 1957, it was the intent of the parties that Nino Alessandroni and the Trustees would act seasonably and reasonably in connection with the sewer problem and its repair.

8. On all the evidence the Court is warranted in finding that the defendant unreasonably delayed in taking action in connection with the sewer problem and its correction and repair at the Park Avenue Nursing Home."

The trial court found as a fact that the agreement of August 13, 1957, and amendment of August 23, 1957 were entered into between the parties as alleged; that the plaintiff Meyer H. Goldman Trustee, engaged the plumber to install a new drain pipe on the said premises in Arlington; that the work was done between September 2, 1958 and October 29, 1958 and; that the fair value of the labor and materials for said work was $500.00. The court further found and ruled that the plaintiff was not entitled to recover for the reason that the work was not done "within the terms of the supplemental agreement" even though

the plaintiff had paid for the work performed — the conditions precedent set forth therein not having been complied with.

The trial court found for the defendant on all three counts and denied the plaintiff's requests for rulings numbered 1 to 7 inclusive but granted No. 8 with the comment "immaterial in view of the Court's findings."

The present report raises the issue of the correctness of the trial court's rulings on the plaintiff's said requests.

■ It should be noted that requests No. 1, 2, and 3 are not requests to the trial court for a finding for the plaintiff, nor do they raise the question of the correctness of the trial court's finding for the defendant. They merely ask the trial court to acknowledge and rule that there was sufficient evidence, if believed, to warrant a finding for the plaintiff, or in other words, that the finding for the defendant be not made as a matter of law. The principles of law governing this aspect of the case are clearly set forth in *Home Sav. Bank v. Savransky,* 307 Mass. 601, 603, where the Court said with respect to a request of this nature:

> "It was error to deny it unless, as a matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated that it was inapplicable or immaterial because of the findings. *Bresnick v. Heath,* 292 Mass., 293, 298. *Strong v. Haverhill El. Co.,* 299 Mass. 455; *Himelfarb v. Novadel Agesne Corp.,* 305 Mass. 446, 448."

■ The duty of the Court in ruling on such requests is further defined in *Hethering-*

*ton & Sons v. William Firth Co.,* 210 Mass. 18, 19:

> "But it [the rule] does require him, when refusing a request, founded upon evidence, to state expressly or by fair inference, either that the legal proposition presented is unsound or inapplicable, or that the facts upon which it is predicated are not found to be true. Failure in this regard affords reasonable apprehension that there has been a miscarriage of justice."

 In the case at bar there was sufficient evidence to warrant the court in making a finding under the third count of the plaintiff's declaration and the court erred in denying the defendant's request for ruling No. 3. Also the finding of facts made by the court are not so clearly defined or comprehensive as to make said request inapplicable and immaterial under the rule laid down in *Home Sav. Bank v. Savransky,* 307 Mass. 601, 603.

 The trial court found for the defendant on the ground that the work was not done within the terms of the supplemental agreement in that the conditions precedent to liability on the part of the defendant were not complied with. However, the trial court did not specify in its findings exactly what terms in the supplemental agreement were not complied with. In any event, admittedly, the defendant could waive any and all of these conditions and there was evidence at the trial which warranted the trial court in finding that he had done so.

It should be noted, and it is quite significant, that there is nothing in ¶15 of the amended

agreement which requires, contemplates or even permits the plumber doing the work to be chosen by Potter. Nevertheless in spite of this fact, (and the terms of the agreement make the same quite clear,) the trial court made the following finding:

> "I find in connection with the stated work that at no time did Brooks Potter consult with the Town of Arlington and that the *plumber who did the work was not chosen by Brooks Potter."* (emphasis added).

It is obvious from this finding that the trial court erroneously believed that the agreement required that the plumber hired to do this work had to be chosen by Potter. The trial court presumably considered this a condition precedent. If therefore it is argued that a waiver by the defendant is negated by the trial court's statement that its finding is based upon non-compliance with the terms of the supplemental agreement this argument fails for the reason that the trial court misinterpreted the terms of said agreement. The question of waiver of the terms of the supplemental agreement does not appear from the report, to have been considered by the trial court.

The following is a brief summary of that portion of the evidence at the trial, which, if believed, together with inferences which might reasonably have been drawn therefrom, warranted, a finding for the plaintiff:

On May 12, 1958 the defendant wrote a letter to the Department of Public Works of the town of Arlington which read in part as

follows: "As I am the one responsible for the payment of repairs to be made in order to correct the cause of the backing up of said sewerage system, I hereby request that an inspection be made informing me of the cause of stoppage and the cost of the repairs . . . In the interest of all concerned I would be grateful if you would please attend to this matter at your earliest convenience and bill me for the same" . . . (Ex. I). The defendant thereafter was billed for said work performed by the Town of Arlington pursuant to said letter and paid it the sum of $13.56.

It is apparent therefore from this letter, that the defendant, so far as the Town of Arlington was concerned, disregarded and inferentially waived the provisions of the agreement so far as Brooks Potter's obligations thereunder with respect to the Town of Arlington were concerned, by contacting the Town of Arlington direct and by paying without the conditions precedent having been complied with by said Trustee.

There was further testimony that the defendant "authorized" the plumber selected by the plaintiff, to do the work for $500.00 which was the exact amount charged by the plumber; that during the progress of the work the defendant knew that the work was being done and made no objection or complaint to the plaintiff or anyone else. There was further testimony also that after the work was completed a bill was sent by the plumber to the defendant which read as follows:

"Relay sewer line from house
to street main as agreed.
Labor and material $500.00"

After receipt of this bill the defendant did not contact the plumber (Emilio Puopolo, since deceased) or inquire of him what he meant by the words "as agreed" nor did he make objection to the same or return the bill to the plumber. There was also testimony that, when the bill was not paid, the plumber's son called the defendant on the telephone and when the defendant said that he would not pay the bill, the witness reminded the defendant that he had authorized the work to be done for $500.00. The defendant's reply to the same was that things had changed and that he would not pay the bill.

The trial court found that the plaintiff Goldman, trustee for the wife, hired the plumber, which, in our opinion on behalf of the wife he had a right to do under the agreement. Approval of the same by the defendant and of the price to be paid therefore was all that was necessary to make the defendant liable for payment of the amount agreed, regardless of the terms of paragraph 15 of the amended agreement. The foregoing evidence hereinbefore summarized, together with the reasonable inferences which might reasonably be drawn therefrom, was sufficient to warrant such findings of fact by the trial court which, if found, would have required a finding for the plaintiff under Count III of his declaration.

It follows therefore, that plaintiff's request No. 3 should have been granted by the trial court and that denial of the same by the trial court was prejudicial error. The trial court's finding for the defendant therefore is to be vacated and the case remanded to the Third District Court of Eastern Middlesex for a new trial. *So ordered.*

Meyer H. Goldman of Boston, for the Plaintiff.
Choate, Hall & Stewart of Boston, for the Defendant.