*Northern District*

No. 5332

**MARY ANN STELLA**
and
**MICHAEL T. STELLA**
v.
**MARY E. CURTIS**

(February 2, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Darcy, J.,* in the District Court of Lawrence. No. 931 of 1957.

*Northrup, J.* This is a motor tort action in which there was a finding for the plaintiff Mary Ann Stella for *personal injury* under count 1 of the plaintiffs' declaration in the sum of $5,880.00 and a finding for her hus·band Michael T. Stella under count 2 in the sum of $436.00 for *consequential damages.* The report is before us on objections of the plaintiff Mary Ann Stella to the failure of the trial court to rule upon her requests for rulings on the question of damages.

*At the trial* said plaintiff duly filed thirty-seven requests for rulings, twenty of which pertained to the issue of liability and seventeen to the issue of damages. The requests on the issue of damages were numbered 21-37 inclusive and read as follows:

"21. A person who is injured as a result of the negligence of another is entitled to recover fair and reasonable damages to fully compensate her for all the pain and suffering and monetary loss as a result of diminution of earning capacity both present and future."

"22. In determining the amount of damages recoverable by the plaintiff, the court must consider any permanent injury which might impair her earning capacity in the future,

and in determining the amount and duration of any permanent diminution of earning power, the court should consider evidence of the probable duration of life of the injured party and on that question a standard mortuary life expectancy table is evidence of the probable life expectancy of said injured party."

"23. Even if the plaintiff would not have worked if she had not been injured, the plaintiff may recover nevertheless for her impaired power to work and earn both in the present and in the future if such impairment of power to work and earn resulted as a direct cause of the defendant's negligence."

"24. Even though the plaintiff was paid wages by her employer in part as a gratuity, or as compensation for disability during her period of disability, she may nevertheless recover damages for impairment of her earning capacity, during said period."

"25. A person may have an earning capacity in excess of the wages paid to her in the job she happens to have at the time of the injury."

"26. A married woman may recover damages for personal injuries and for impairment of her earning capacity to perform labor and this is true whether she has ever worked or not."

"27. A finding is warranted that the plaintiff was permanently disabled from doing any and all types of work from August 13, 1956 to the latter part of January, 1957."

"28. A finding is warranted that the plaintiff was unable and has been unable to do all

of her usual household duties from the middle part of January, 1957 to the present date."

"29. A finding is warranted that the plaintiff was unable and has been unable, to do all of her stenographic work from the middle of January, 1957 to the present date."

"30. A finding is warranted that the plaintiff sustained the following injuries as a result of this accident:

a.
An oblique comminuted fracture of the distal and of the left clavicle at the acromio clavicular joint.
b.
A chronic strain of the neck with nerve root irritation.
c.
Secondary to (a.) and (b) moderate freezing periarthritis of the left shoulder joint.
d.
One inch laceration of the right eye lid requiring two sutures.
e.
Inflammation of right eye caused by glass particles which required a physician about two hours to remove.
f.
Contusion of left and right scalp.
g.
Broken 1st molar front upper left with laceration of mouth.
h.
Contusion of left upper shoulder resulting

in hematoma and edema with discoloration tapering down forearm and hand markedly at the shoulder.

i.

Contusion of right shoulder with hematoma.

j.

Edema and discoloration of right knee and both legs and right outer hip.

k.

Shock — palpitation — dizziness.

l.

Neurocirculatory asthenia.

m.

Nausea.

n.

Flattening of the cervical spine as regards the normal lodoric curve."

"31. A finding is warranted that as a result of this accident the plaintiff has sustained the following permanent injuries.

a.

Permanent partial loss of use of left shoulder and arm to the extent of 40%.

b.

Loss of grip power in left hand.

c.

Permanent deformity of left shoulder.

d.

Partially separated left acromio calvicular joint.

e.

Permanent scar — right eye."

"32. A finding is warranted that immediately prior to the injuries which she sustained the

plaintiff took care of all the household duties in her home in North Andover, covering seven rooms and two and one-half baths. That in addition to that she worked for the Marconi Credit Union and received compensation of $30.00 per week. That in addition to that she did all of the legal stenographic and typing work for her husband as a legal stenographer on a full time basis.

"33. A finding is warranted that the plaintiff has had the following earning capacity prior to the accident in connection with all of the duties which she performed;

a.

Earning capacity of $60.00 per week as a legal stenographer.

b.

Earning capacity of $30.00 per week as a part time bookkeeper for the Marconi Credit Union.

"34. The plaintiff as part of her damages is also entitled to recover for the impairment of her earning capacity in performing household duties."

"35. A finding is warranted that subsequent to the accident the plaintiff has not been able to perform all of her household duties and all of the work for her husband which she previously performed prior to this accident."

"36. In determining the amount of damages recoverable, the court must take into consideration not only the injuries which she sustained, the monetary loss which the

plaintiff has had for medical expenses, the diminution of earning capacity, but also must take into consideration all the pain she has had, or will have in the future as a result of the injuries sustained through the negligence of the defendant and the extent of the impairment of her capacity to earn in the future for the remainder of her expectancy of life."

"37. The fact that the plaintiff works for her husband and had not received pay for her work each week as a regular employee, does not prevent her from recovering for loss of earning capacity during the period that she could have worked and the diminution of her earning capacity in the future, resulting as a direct consequence of the injury which she sustained through the negligence of the defendant."

The trial judge did not rule on the plaintiff's requests for rulings for the reason, as stated by him later at the hearing on the draft report, that he considered the plaintiff's requests 21 to 37 inclusive, requests for findings of fact.

The plaintiff Mary Ann Stella duly objected to the trial court's refusal to rule upon her said requests and claimed a report. The trial court after hearing, disallowed the plaintiff's claim for a report and on the plaintiff's petition therefor, the report was established by this Division. The issue before us is whether or not the trial court erred in refusing to pass upon the plaintiff Mary Ann

Stella's said requests for rulings on the question of damages.

A trial court is not obliged to pass upon requests for findings of fact and no objection lies to its failure or refusal to do so. *Castano v. Leone,* 278 Mass. 429, 431; *Conley v. Morash,* 307 Mass. 430, 432; *E. A. Strout Realty Agency Inc. v. Gargan,* 328 Mass. 524.

However requests as to the sufficiency of the evidence warranting a finding, are not requests for findings of fact but are requests for rulings of law. *Bresnick v. Heath,* 292 Mass. 293, 298; *Hoffman v. Chelsea,* 315 Mass. 54, 55, 56; *Home Sav. Bank v. Savransky,* 307 Mass. 601, 603.

We see no reason why this principle of law should not be equally applicable to special findings as it is to a general finding.

However, in any event, even if we concede without so finding, that some of the plaintiff's requests may, for one reason or another be considered to be objectionable, nevertheless there are others, without particularizing, which are clearly proper and pertinent requests for rulings of law, based upon sound, well-settled and even elementary legal principles, and predicated upon facts reasonably consistent with the evidence. The duty of the trial court under such circumstances is clear. It is succinctly defined in *Home Sav. Bank v. Savransky Supra,* 603 as follows:

> "A trial judge, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent

requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error."

In *Adamaitis v. Met. L. Ins. Co.*, 205 Mass. 215, 219 the Court said:

"And upon proper requests therefore he, [the trial judge] must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. *John Hetherington & Sons, Ltd. v. William Firth Co.*, 210 Mass. 8, 18-19; *Castano v. Leone*, 278 Mass. 429, 431."

The only exception to this requirement is where the findings of fact made by the trial court renders the requests immaterial. Since the trial court made no findings of fact, the case at bar does not fall within this exception.

■ The failure or refusal of the trial court to comply with the provision requiring him to pass upon such requests for rulings of law is in effect a denial of the same and constitutes error. *John Hetherington & Son Ltd. v. William Firth Company Supra*, 18; *Kravetz v. Lipofsky*, 293 Mass. 84; *Redfield v. Abbott Shoe Company*, 330 Mass. 551.

Our opinion in this case should not be construed as intimating that we feel that the trial court did not understand or apply the correct principles of law in assessing damages. Its error might well be merely a technical one and the ultimate effect on the plaintiffs' claim of academic value only. However such matters cannot be left to conjecture, regard-

less of how reasonable or compelling the probabilities may be.

[5.] Ruling upon proper and pertinent requests for rulings of law by a trial court sitting without a jury is a mandatory requirement in the absence of any findings of fact showing the same to be immaterial, and failure to comply with this requirement constitutes reversible error.

The finding for the plaintiff under count I of the plaintiffs' declaration, insofar as it pertains to the amount of damages, is vacated and a new trial is granted under said count on the question of damages only.

Salvatore J. Basile of Lawrence, for the Plaintiffs.

John L. McDonough, Jr. of Lowell, for the Defendant.