*Western District*

No. 22510

**MIROSLAW MACHNIK, Adm. of the
Estate of HANS D. MACHNIK**

**v.**

**CHARLES S. PALUILIS and
ANTHONY J. PALUILIS**

Argued: June 18, 1970 - Decided: June 29, 1970

*Present:* Garvey, P.J., Levine, and Sloan, J.J.

Case tried to *Blassberg, J.,* in the District Court of Franklin No. 22510.

**Garvey, P.J.** This is a motor tort action transferred (shown by the docket entries) by order of the Superior Court to the District Court for trial. G.L. c. 231, § 102C. After a trial there was a finding and damages assessed against the defendant Charles S. Paluilis for the plaintiff on a count for death and on a count for funeral expenses. This defendant claims to be aggrieved by the action of the judge on his requests for rulings of law.[1]

The requests and the judge's action thereon follow:

No. 1. The evidence warrants a finding for the defendants. *(Allowed).*

No. 2. There is no evidence to warrant a finding for the plaintiff. *(Denied).*

No. 3. The evidence warrants the finding the defendants have sustained the burden of proof of contributory negligence. *(Allowed).*

No. 4. There is evidence to warrant the

---

[1] We note that the requests refer to the defendants, not to each defendant separately. We treat them as referring solely to the appealing defendant.

finding that the plaintiff has failed to sustain the burden of proof. *(Allowed)*.

Because the defendant makes no contention that the evidence did not warrant the judge's decision we briefly summarize the reported evidence. *It shows, that* about 10:00 P.M. on December 1, 1967, on a clear night on dry road, while a passenger in a motor vehicle owned by the defendant, Anthony J. Paluilis (for whom the trial judge found) and operated by the defendant Charles S. Paluilis (defendant) the plaintiff's intestate died (there was no evidence of conscious suffering) as a result of injuries he sustained when the motor vehicle, at a time when the operator thought he was being pursued by the police, skidded, left Pine Hill Road in Greenfield (we assume) and struck a tree about eight feet off the road. Pictures of the damages to the motor vehicle were introduced in evidence. The defendant operator in January, 1968 pleaded guilty in the District Court of Franklin to a criminal complaint arising out of the accident charging him with "operating a motor vehicle negligently so that the lives and safety of the public might be endangered".

Because special findings of fact were not made by the trial judge, the defendant argues that his decision was inconsistent with his rulings on his requests for rulings of law. Al-

though desirable,[2] findings of fact are not necessary. "Although the trial judge could not have been compelled to make findings of fact in writing, requests to that end are not infrequent". *Castano* v. *Leone,* 278 Mass. 429, 431. "Under our practice it is clear that in an action of law a judge is not required to pass upon requests for findings of fact, and that his denial of them or failure to pass upon them presents no question of law". *Stella* v. *Curtis,* 348 Mass. 458, 461. *Dolham* v. *Peterson,* 297 Mass. 479, 481.

A judge sitting without a jury has two separate and distinct functions; one, to make rulings of law, and the other, to find the facts. "It has repeatedly been held that a trial judge, sitting without a jury must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rul-

---

[2] Written findings of fact by a trial judge, however brief, on the issues presented by the pleadings and the evidence introduced at the trial, stated to be on consideration of all of the evidence, would eliminate many appeals and the recurring confusion of bench and bar in these circumstances. "Often it is desirable for information of parties and for presenting the real issues of law for review that findings of fact be made." *Castano* v. *Leone,* 278 Mass. 429, 431. "It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as a matter of fact as ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts." *Bresnick* v. *Heath,* 292 Mass. 293, 298. See also *Catalucci* v. *Massachusetts Bay Transportation Authority,* 351 Mass. 360.

ings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error". *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603. *Perry* v. *Hanover,* 314 Mass. 167, 173-176.

"It is the obligation of a judge hearing a case without a jury to adopt correct rules of law for guidance and to find the facts as guided by such rules. Upon proper requests he must state the rules so adopted by him in order that the right of review thereof may be preserved to the parties in the case." *Briggs* v. *Densmore,* 323 Mass. 106, 108.

This is precisely what the trial judge did. In granting the defendant's requests numbered 1, 3 and 4 he ruled that a finding for the defendant on the evidence was permissible but not required. These rulings were favorable to the defendant and he cannot be heard to complain. *Jewett* v. *Keystone Driller Co.,* 282 Mass. 469, 475. Likewise in denying request numbered 2 he merely ruled that there was evidence, that would warrant a finding for the plaintiff, that if the case had been tried to a jury he could not have properly directed a verdict for the defendant. The reported evidence supports this ruling and the defendant does not argue otherwise. Had he granted this request and then found for the plaintiff he would have been in error. *Ricciardone* v. *Carvelli,* 334 Mass. 228, 230-231. *Home Savings Bank* v. *Savransky,* 307 Mass. 601. There was no error in his rulings.

 We do not consider the issue, not briefed, and mentioned for the first time, at the end of his argument, the contention of the defendant that a plaintiff, on these facts, cannot recover on a separate count for funeral expenses. **The report is to be dismissed.**

EDWARD J. LEJA
of Springfield for the defendant.

WILLIAM H. WELCH
of Northampton for the plaintiff.

*Western District*