ALAN S. TILL & others[1] *vs.* JEWISH COMMUNITY CENTER OF SPRINGFIELD, MASSACHUSETTS, INC. May 30, 1986. *Limitations, Statute of. Snow and Ice.*

Anne H. Till fell on a patch of ice in the parking lot of the defendant (the Center) on January 18, 1979. This action was brought under G. L. c. 84, § 21, on May 29, 1981. The Center pleaded the affirmative defense of the statute of limitations (two years, see G. L. c. 84, § 18, prior to its amendment by St. 1979, c. 163, §§ 1, 2, approved May 14, 1979). The 1979 statute increased the period of limitation to three years for "causes of action arising on or after the effective date of this act" and thus has no application to the present case.

Chapter 84, § 21, as appearing in St. 1965, c. 378, § 3, provides that c. 84, §§ 18, 19, and 20, "shall apply to actions against persons founded upon the defective condition of their premises . . . when caused by or consisting in part of snow or ice resulting from . . . weather conditions . . . ." The plaintiffs place unjustified reliance on *Regan* v. *Atlantic Refining Co.,* 312 Mass. 302 (1942). When that case was decided (see *id.* at 303), § 21 read, "The three preceding sections, *so far as they relate to notices of injuries resulting from snow or ice,* shall apply to actions against persons founded upon the defective condition of their premises . . . when caused by or consisting in part of snow or ice . . ." (emphasis supplied). The emphasized language was omitted in the 1965 rewriting of § 21, thus (a) making the language of the *Regan* case (at 305-306) inapplicable thereafter so far as it dealt with the statute of limitations and (b) making the then two-year period of limitations applicable. The trial judge on the pleadings, depositions, and facts before her correctly allowed (on reconsideration) summary judgment for the Center.

*Judgment affirmed.*

The case was submitted on briefs.

*Morton J. Sweeney & Patricia A. Bobba* for the plaintiffs.

*Paul F. Schneider & Gerard L. Pellegrini* for the defendant.