## COMMONWEALTH *vs.* ADDISON BROOKS.

A marketman who had a lawful right to occupy with his wagon a stand in a street in a city from and after a certain hour, drove his wagon into the street twenty three minutes before the hour, and was so delayed there in his progress towards his stand, being stopped in one place five or six minutes by the crowding of other vehicles, that it was fifteen minutes before the hour when he reached the stand, where he stopped with his wagon until after the hour. *Held*, that he did not violate an ordinance of the city, which provided that no owner or driver of a wagon should suffer it to stop in any street more than twenty minutes in any case.

COMPLAINT for the violation of § 34 of an ordinance of the city of Boston relating to carriages, which section is printed in the margin,* (Laws & Ordinances of Boston, ed. 1863, p. 106,) in suffering the defendant's wagon to stop in South Market Street in Boston more than twenty minutes.

At the trial in the superior court, before *Vose,* J., these facts appeared: The defendant, who was indicted as residing in Boston, was a marketman who brought vegetables daily from Arlington to Boston, where he sold them at a stand in South Market Street, all of which street except the southern sidewalk is included by a city ordinance within the limits of Faneuil Hall Market. Laws & Ordinances of Boston, (ed. 1863,) 170. His stand adjoined the sidewalk on the north side of the street, and was duly assigned to him, under the ordinance last cited, to occupy with his wagon for the sale of vegetables from four o'clock each afternoon, and before eleven o'clock each morning.

" On September 4, 1867, the defendant, with an ordinary mar·ket wagon, drawn by one horse driven by himself, and laden with vegetables, arrived in Commercial Street at the east end of South Market Street, at about twenty-five minutes before four o'clock in the afternoon," for the purpose of driving to his stand ; " and at twenty-three minutes before four o'clock he drove into South Market Street, in company with several other marketmen. The street was somewhat crowded ; and his progress through it to his stand was delayed by other vehicles ; and

---

* " No owner, driver, or other person having the care or ordering of any ᵣhaise, carryall, hackney carriage, truck, cart, wagon, handcart, sleigh, sled, handsled, or any other vehicle whatsoever, new or old, finished or unfinished, with or without a horse or horses, or other animal or animals harnessed thereto, shall suffer the same to stop in any street, square, lane, or alley of this city more than five minutes, without some proper person to take care of the same, or more than twenty minutes in any case ; and any person so offending shall be liable to a fine of not less than three, nor more than twenty dollars for each offence. But this section shall not apply to the carriages of physicians while visiting the sick, or to the vehicles of market and provision men, who may stand with the same, without the limits of Faneuil Hall Market, until eleven o'clock in the forenoon, at such places in the city as the board of aldermen maɟ designate, for the purpose of vending provisions."

at one place in the street, about fifteen rods from the stand he afterwards occupied, he was stopped five or six minutes, remaining on his wagon; and then drove upon and occupied his stand," which he reached at fifteen minutes before four o'clock, and where his wagon remained till the following morning.

On these facts, the attorney for the Commonwealth asked the judge to instruct the jury " that if the defendant went into South Market Street more than twenty minutes before four o'clock in the afternoon, with the purpose of remaining in said street more than twenty minutes, and did remain therein more than twenty minutes, the act was in violation of the ordinance on which the complaint was founded, although he moved from place to place in said street during the time, if such moving was not for the purpose or with the intent of getting out of the street, but was for the purpose and with the intent of keeping in the street;" and the judge, with the consent of the defendant, directed the jury to return a verdict of guilty, and reported the case for the revision of this court.

*N. Richardson,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

GRAY, J. It is very clear that the defendant was not proved to have violated the city ordinance on which he was prosecuted. No person transgresses the ordinance, who does not voluntarily suffer his vehicle to stop in the street for more than twenty minutes. The defendant indeed drove into South Market Street more than twenty minutes before four o'clock, and intended to remain in that street until four o'clock. But he had the right to travel in the street, if he did not voluntarily suffer his vehicle to stop in it for the prohibited period. If he had arrived on his stand more than twenty minutes before four o'clock and voluntarily remained there with his wagon until that hour, or if he had voluntarily stopped his wagon for more than twenty minutes at any other place in the street, it would have been a violation of the ordinance. So perhaps, if he had stopped, for more than twenty minutes in all, in two places near each other, in the execution of one purpose. But it is unnecessary in this case to consider under what circumstances repeated intermissions of

travel, or time spent in driving about the street without intention of moving onward towards a particular destination, might be treated as going to make up one stopping, within the meaning of the ordinance; for it appears that the defendant, while driving his wagon through the street towards his stand, was delayed by the crowding of other vehicles which he could not control, for five or six minutes, and then drove on and occupied his stand. He did not voluntarily stop at all before arriving at his stand; he did not stop on his stand but fifteen minutes before four o'clock; and after four o'clock, being a marketman, engaged in bringing vegetables into the city and selling them from his wagon at a stand occupied by him within the established limits of the market, though in a public street, he is admitted to have had a right, by virtue of the exception in the ordinance, and of the St. of 1859, *c.* 211,* to be and remain upon his stand with his wagon. *New trial ordered.*

* The material part of this statute is as follows : § 1. " The city of Boston shall make no by-law, ordinance or regulation excluding from the occupation of street stands within the limits of Faneuil Hall Market in said city, as the same are or may be defined in the city ordinances, for the sale of fresh provisions and perishable produce, any persons taking such stand for the sole purpose of selling such fresh provisions or perishable produce, provided the same are the product of the farm of the person offering them for sale, or of some farm within ten miles from the residence of such person." § 2. " The said city shall make no by-law, ordinance or regulation, prohibiting the occupation of stands within said limits and the sale of fresh provisions and perishable produce by the persons hereinbefore mentioned, between the hours of four o'clock in the afternoon and the time of closing said market at night, or before ten o'clock in the forenoon, except on Sundays and holidays." By the St. of 1860, *c.* 152, this last named time was extended to eleven o'clock in the forenoon.