GEORGE M. BURKE *vs.* CHARLES B. CAMPBELL.

Hampden.   November 5, 1926. — January 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract*, What constitutes.

At the trial of an action of contract by one engaged in completing the financing of a certain corporation for alleged breach by the defendant of an agreement that he would secure financial aid for the corporation upon certain conditions being fulfilled by the plaintiff, the testimony of the plaintiff was so contradictory and left the evidence so conflicting that it was *held*, that the trial judge committed no error in ordering a verdict for the defendant at the close of the plaintiff's evidence, there being no evidence to show an agreement sufficiently definite to enable a court to fix an exact meaning upon it.

CONTRACT, with a declaration described in the opinion. Writ dated June 5, 1922.

In the Superior Court, the action was tried before *Burns*, J. Material evidence is stated in the opinion.   At the close of the plaintiff's evidence, the defendant rested and, by order of the judge, a verdict was entered for the defendant.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. J. Murray & J. F. Jennings*, for the plaintiff.

*W. G. Brownson*, for the defendant.

SANDERSON, J.   This is an action of contract in which the trial judge, at the close of the plaintiff's evidence and subject to his exception, allowed the defendant's motion for a directed verdict.   The declaration was in three counts, but the

plaintiff's only contention is that the case should have been submitted to the jury on the first count. This count alleges, in substance, that the plaintiff on or about February 8, 1922, was engaged in completing the organization and financing of the Boston-Phila Despatch Corporation; and that the defendant agreed to secure financial aid, moneys and credit for the corporation in consideration of the plaintiff's agreement to pay its outstanding accounts, and a certain other account due from the Burke and Dunn Transportation Company to a company in which the defendant was financially interested, and also, to secure for and convey to the defendant a two-thirds share and ownership in fifty-one per cent of the common capital stock of said corporation. It is further alleged that the plaintiff has paid all the accounts, and has been ever ready and willing to perform all the terms and conditions of the contract on his part to be performed, but that the defendant has neglected and refused to perform any of its terms.

The plaintiff testified that he organized the Burke and Dunn Transportation Company in 1920, and the Boston-Phila Despatch Corporation (hereinafter called the corporation) in 1921, and proceeded to finance the latter company; that the defendant offered to put a stated sum of money into the corporation and said that he had a man, whose name he was withholding, who would put in a like sum, but that before he would go into it the liabilities of the corporation and also the account of the Empire Mailing Company against the Burke and Dunn Transportation Company must be paid, and a two-thirds interest in fifty-one per cent of the common stock obtained for himself and his friend, so that, with seventeen per cent of the common stock owned by each of them and seventeen per cent owned by the plaintiff, they would have control of the corporation. He also testified, in substance, that the defendant's agreement was that the money would be put in if the control of the corporation could be obtained and the plaintiff would pay its bills, but that the defendant did not expect the plaintiff to pay the bills out of his own pocket; and knew the plaintiff could not pay them.

The plaintiff further testified that he personally paid none

of the accounts; that he put the proposition up to the officers
of the corporation, and made arrangements with one of them;
that in consequence of his efforts, within a short time he was
in position to turn over fifty-one per cent of the common
stock and meet the other requirements of the defendant in
every way; that the money to do this was borrowed by the
plaintiff, and the people who paid it had his promise and
would hold him responsible.   The testimony did not disclose
what, if any, interest the defendant had in the Empire Mail-
ing Company.

It appeared that the corporation debts were all paid by
corporation checks with its money.   The arrangement if
any between the corporation and the persons who furnished
the money to it did not clearly appear, although there was
an intimation that stock was to be issued to the amount
of the liabilities.   The money paid to liquidate those liabili-
ties amounted to $1,807.41, and the plaintiff is now seeking
to recover this amount.   He testified that the defendant
made no agreement to repay him any money that he or the
corporation or any one else might pay out for corporation
debts; and although he testified that it was his personal
undertaking all the way through, he also said that in every-
thing he did in this matter he acted for and in behalf of the
corporation as its officer and agent, and did not intend to
act and did not act personally when he made the agreement.
In a letter in evidence, the plaintiff stated that the defendant
was to have preferred stock for his money.   In his testimony
he stated that the defendant said nothing about buying
preferred stock, but that preferred stock was the only thing
he could get for his money and that he did not agree to buy
common stock.

The plaintiff's contradictory statements concerning the
terms of the contract when considered with the entire absence
of evidence to show how much preferred stock the defendant
was to have or what he had a right to demand for the $50,000
to be paid by him to the corporation made the agreement
invalid because of  the indefiniteness and uncertainty as
to its terms.   Upon the plaintiff's testimony, the agreement
was not sufficiently definite to enable a court to fix an

exact meaning upon it. *Hampden Railroad* v. *Boston & Maine Railroad,* 233 Mass. 411, 417. Because of the conclusion here reached, it is unnecessary to consider whether the plaintiff would be prevented from recovery on other grounds.

*Exceptions overruled.*