PHILIP BERN *vs.* BOSTON CONSOLIDATED GAS COMPANY.

Middlesex.   December 3, 1941. — January 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Nuisance.   Gas Company.   Way,* Public: nuisance.   *Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal. *Error,* Whether error shown.

The fact that the Appellate Division reviewed a refusal by a District Court judge of a requested ruling that there was evidence warranting a finding for the plaintiff kept open in this court the question of the propriety of the refusal, whether or not the requesting party would have been entitled to a review thereof by the Appellate Division as of right under Rule 27 of the District Courts (1940).

On evidence at the trial of an action against a gas company for personal injuries sustained when the plaintiff's automobile ran into a hole resulting from a settling in a "torrential" rain of the surface of a trench which, to stop a leak, the defendant twelve days before had opened in a macadam surfaced public way and had backfilled, leaving a surface of sand and gravel, findings were warranted that the defendant had not put the way within a reasonable time in as good repair as it had been in when opened, and, under § 70 of G. L. (Ter. Ed.) c. 164, had created a nuisance.

In an action with a count based on a nuisance created by the defendant, of which there was evidence, and also a count based on his negligence, it was error to deny, merely on the ground that the judge found the defendant was not negligent, a request for a ruling that there was evidence to warrant a finding for the plaintiff; neither such finding nor a general finding for the defendant showed that the request was inapplicable because of the findings.

TORT. Writ in the District Court of Newton dated April 24, 1940.

The case was heard by *Weston*, J.

*M. Band*, for the plaintiff.

*R. W. Cornell*, for the defendant.

Cox, J. This is an appeal from the order of the Appellate Division for the Northern District dismissing the report of the trial judge, who found for the defendant on the ground stated that it was not negligent. The first count of the plaintiff's declaration is for negligence, the second is for a nuisance based upon the violation of G. L. (Ter. Ed.) c. 164, § 70, and the third is for nuisance in that the defendant unlawfully made an excavation in a public way.

There was evidence that at about 10:40 A.M. on Saturday, December 30, 1939, a service man of the defendant went to a house where it had been notified that gas was leaking. Some time later in the morning the matter was referred to the defendant's main office, and, before noon, the defendant began to dig a trench in one of the public streets of Newton, and found a leak in the gas main that constituted a dangerous condition. The defendant neither sought nor obtained any permit to open the trench. The city hall was closed from noon on Saturday until the Tuesday following. The main was repaired, and the defendant "backfilled" the trench on January 3. At about 12:30 A.M. on January 15, when it was raining very hard and had been raining for hours, the plaintiff sustained injuries when the automobile that he was operating went into a hole that was two feet by two feet in area and one foot in depth around which there were no safeguards. Although the evidence does not so state, the parties have assumed, and the trial judge found, that this hole was where the defendant had excavated some two weeks before. Although the surround-

ing surface of the street was macadam, the trench surface was sand and gravel. The trial judge found that it was too late on the Saturday when the leak was discovered for the defendant to get a permit from the city to dig the trench, that it was impossible for it to get one before Tuesday morning, January 2, and that the leaking gas created an emergency that required immediate attention. He made no finding as to the time when the trench was filled, beyond stating that this was done after the main had been repaired. He stated that there was no evidence before him as to how the trench was dug or how it was filled. He also found that the hole had been there only a few hours, and that it was the "torrential" downpour of rain that caused a portion of the trench to settle. The report states that it contains all the evidence material to the question reported.

The trial judge refused to give several of the plaintiff's requests for rulings, and in each instance gave his reasons therefor. We are of opinion that there was error as to the second request, and, inasmuch as there must be a new trial and as the consideration of this second request necessarily deals with some of the questions involved in the other requests, it is unnecessary to consider them.

The second request was that there was evidence to warrant a finding for the plaintiff. The judge denied this request "because . . . [he found] as a fact that the defendant was not negligent." It is unnecessary to consider whether the request comes within the purview of Rule 27 of the District Courts (1940), requiring specification. It was reviewed by the Appellate Division and is before this court on this appeal. *Milmore* v. *Landau*, 307 Mass. 589, 590, and cases cited. The request was proper, and it was error to deny it, unless, as matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated that it was inapplicable or immaterial because of the findings. *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 603, 604, and cases cited. Where, as here, the plaintiff alleged as one ground of recovery that the defendant had created a nuisance that caused the plaintiff's injuries, it is apparent that the reason given by the trial judge for the

refusal of this request, that is, that the defendant was not negligent, was not sufficient if there was evidence of the creation of a nuisance that caused the injuries. Furthermore, the general finding for the defendant does not go to the extent of curing an error in the refusal of such a request. *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 605–606. It is to be observed again that the finding for the defendant is predicated upon the finding that it was not negligent. In the absence of any finding as to the existence or nonexistence of a nuisance, it cannot be said on this record that the trial judge has demonstrated that the second request was inapplicable or immaterial. Compare *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 448, and cases cited. A nuisance may exist without negligence. *Ferriter* v. *Herlihy,* 287 Mass. 138, 143.

General Laws (Ter. Ed.) c. 164, § 70, provides, in substance, that a gas company may, with the written consent of the aldermen or selectmen, dig up and open the ground in the ways of a town, so far as necessary to accomplish its objects, but that such consent shall not affect the right or remedy to recover damages for an injury caused to persons or property by its acts; that it shall put all such ways in as good repair as they were in when opened; and that upon failure so to do within a reasonable time it shall be guilty of a nuisance. The evidence disclosed that the trench was not filled by the defendant until Wednesday, January 3, and that this work was not completed until 2:30 P.M. on that day. The inference is warranted that during the time that this work was in progress, a permit could have been procured if, as we do not decide, it then would have availed the defendant. The judge had the question of nuisance squarely presented, inasmuch as four requests, posited upon nuisance, were refused on the ground that an emergency had arisen which justified the defendant in digging the trench without a permit. The reasons given for the refusal of these requests, involving as they do a finding that an emergency had arisen and that therefore the defendant was justified in digging the trench without a permit, do not cure any possible error in the refusal to give the second

request, for it is to be observed that the statute in question, which allows the opening of ways upon permit, also provides that, unless the person who opens the ways puts them in as good repair as they were in when opened, he shall be guilty of a nuisance.  The plaintiff had the burden of showing the existence of a nuisance.  *Hunt Drug Co.* v. *Hubert*, 298 Mass. 195, 196.  No permit was obtained, and we may assume, without deciding, that the circumstances were such that the defendant could dig the trench without obtaining a permit.  See *Commonwealth* v. *Brooks*, 99 Mass. 434;  *Herman* v. *Sladofsky*, 301 Mass. 534, 538, 539.  But whether the defendant had a permit or not, it was at least required to restore the way to the condition it was in before the excavation, *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, and, apart from the question of any right under a permit, our attention has been called to no provision of law that would allow the defendant to create a nuisance in a public way.  There was evidence that, although the surface of the street in question "about the place of the defect was a macadam road," the trench surface was sand and gravel.  Furthermore, although there was evidence that this was the condition of the street when the plaintiff was injured on January 15, it also appeared that the work of refilling the trench had been completed twelve days before.  It is true that the judge stated that there was no evidence to show how the trench was dug (and this appears to be of little consequence), or how it was filled.  There was evidence, however, that it was "backfilled," and the judge found that the defendant "filled in" the trench.  Whatever may have been the method of filling the trench, it could have been found that, when the plaintiff was injured, the surface of the trench differed materially from the surrounding surface of the street, and that it had settled.  The judge denied a request to the effect that the fact that a natural cause may have contributed with the unlawful act of the defendant to inflict an injury does not relieve it from liability.  The ground given was that the request did not state a correct principle of law "because there was no negligence on the part of the defendant."  The request evi-

dently is taken from the case of *Salisbury* v. *Herchenroder*, 106 Mass. 458, 460, which states the general principle of law contained in the request. Here again we find that the judge took no account of the possibility of the existence of a nuisance.

The defendant contends that there was no evidence of any ordinance of the city of Newton that required the defendant to obtain the permit required by the statute in question, and relies upon the provisions of § 75 of said c. 164, whereby the aldermen or selectmen may regulate, restrict and control all doings of gas and electric companies "subject to this chapter" which may, in any manner, affect the health, safety, convenience or property of the inhabitants of their towns. Said § 70, however, seems to be complete in itself and to require a permit to open the public ways apart from any question of an ordinance. See *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18, 21, 22; *Cheney* v. *Barker*, 198 Mass. 356, 366. We are of opinion, however, that it is not necessary to go into this question, inasmuch as it does not appear that it was raised at the trial.

It could have been found that the defendant did not leave the street in as good repair as when it was opened; that for about twelve days the trench was left in this condition; and that during a heavy rain, the surface settled to the extent of one foot. We think it follows from this that it could have been found that a nuisance was created by the defendant. Accordingly, there was error in the denial of the plaintiff's second request. If a nuisance existed, it was not necessary to show as a ground for recovery that it was negligently maintained. The plaintiff was required to show that his particular loss or damage was caused by the nuisance. *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536, 544. *Jones* v. *Hayden, ante*, 90, 95.

Finally, the defendant contends that the judge found that the work of filling the trench was not improperly done. There is no express finding to this effect. It is true that the judge stated that there was no evidence before him as to how the trench was filled, that he found that the defendant was justified in digging the trench without a permit, that

the rain caused the trench to settle, and further, that the defendant was not negligent, but we are of opinion that this does not amount to a finding that a nuisance was not created. There was evidence that the trench was filled in such a manner that the street was not left in as good repair as when it was opened, and that it was in this condition when the trench settled, after a lapse of some twelve days. The defendant concedes that if the filled trench was the cause, and the rain only a condition of the settlement, it would not necessarily be relieved of liability. The finding that the rain caused the settling must be considered together with the evidence, as to which there seems to have been no dispute, of the condition in which the trench was left and of the lapse of time during which this condition existed.

The case at bar is distinguishable from *Stoddard* v. *Winchester*, 154 Mass. 149. In that case recovery was sought for damages sustained through a defect in a public way that the defendant was bound to keep in repair, and there was no contention that the town had notice, or might reasonably have had notice, of the existence of the alleged defect.

The order of the Appellate Division dismissing the report is reversed, the finding for the defendant is vacated, and the case is to stand for trial. *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 607.

*So ordered.*