*Western District*

### FRANK FOSTER
#### v.
### SIMONS BURNER AND PETROLEUM CORP.
### AND
### GERSON GORDON
### AND
### ERNEST RYDER

*Present:* Riley, P. J., Hobson & Alberti, JJ.

Case tried to ——————, *J.,* in the District Court of Springfield. No. 142332.

*Riley, P. J.* In this action of tort alleging negligence the plaintiff seeks to recover damages to his automobile resulting from a fire started by the throwing of a cigarette by the defendant Ryder on the land of the defendant Gordon which premises were formerly occupied by the defendant Simons Burner and Petroleum Corp. All of the defendants filed general denials and the defendants Gordon and Simons Burner and Petroleum Corp. set up affirmative defenses.

*The following evidence was offered at the trial:*

"The plaintiff Foster was employed by the defendant Gordon, who operated a dry cleaning plant. Foster owned a 1953 Dodge Station Wagon which he parked in a parking lot alongside the cleaning plant of Gordon. Gordon had opened the cleaning plant for business on May 2, 1955. On May 3, 1955, at about twelve noon the defendant Ernest Ryder, another employee of Gordon, on his lunch hour, after eating his lunch in the plaintiff's car, threw a lighted cigarette from the car. It landed on the ground. Flames that were as high as the roof of the car were ignited. Foster and Gordon were in Gordon's office at the time. They screamed to Ryder to jump out of the car. Foster ran to the Fire Station. Gordon called the Fire Station on the phone. The Fire Department extinguished the fire in about ten minutes. All of the wiring in the Dodge had to be replaced. There were

other damages of scorching to the body of the car and to the tires and area around the motor. Foster testified that the fair market value of the Dodge was $2,000.00 before the fire and $300.00 afterwards.

There was evidence that the defendant Simons Burner and Petroleum Corp., a fuel oil company, had been a tenant of the defendant Gordon, but had vacated the premises six months before. There were oil spots on the ground. Gordon was the owner of the real estate. There was evidence that certain chemicals used by Gordon in his dry cleaning plant were highly flammable. There was evidence that empty drums and containers for these chemicals were put along the outside of the building near where the plaintiff's car was parked. There was evidence that an employee of the defendant Gordon had been working around this trash prior to the fire. The defendant Gordon testified that one of the chemicals used was flammable but was kept inside of his plant in a drum and that he used it for two weeks after opening his plant and that none of this chemical had been disposed of outside the building. There was no evidence as to what substances on the ground did burn, except that whatever it was caused the flames to shoot up over the roof of the Dodge. This was testified to by the defendant Gordon."

At the close of the trial and before final

arguments, the plaintiff made the following request for rulings:

1. The evidence warrants a finding for the plaintiff.

2. As a matter of law, a lighted cigarette will not set fire to a parking lot without some agent capable of setting a fire being present. 292 Mass. 129.

3. As a matter of law, one in control of the premises who permits flammable substances to remain thereupon is liable for the consequences and injuries caused by said flammable substances.

The Court found for the defendant, Simons Burner and Petroleum Corp. and for the defendant Gerson Gordon. The Court allowed plaintiff's request for rulings numbered one and three, and denied number two.

The Court found the following facts.

'The defendant Gordon opened up a cleaning plant on May 2, 1955, and the plaintiff went to work for him on that day. The following day the plaintiff parked his automobile in the defendant's parking lot in the rear of the plant.

At noon time the plaintiff looked out the window and saw his car in flames. A fellow worker was seated in the automobile, but he did not notice the flames.

Previously the fellow worker had discarded a lighted cigarette from the automobile.

There was no negligence on the part of the defendant Gordon.' A motion for a new trial on the grounds of newly discovered evidence was denied by the Court and a report claimed. No requests for ruling were presented on the motion for new trial."

The defendant Ryder was defaulted for not appearing at the trial and during the pendency of the proceedings upon the draft report the plaintiff discontinued against the defendant

Simons Burner and Petroleum Corp. with its consent.

The plaintiff claims to be aggrieved by the finding in favor of the remaining defendant Gordon, by the refusal of the court to grant his second request for ruling, by the contradiction of the finding with respect to the favorable rulings on plaintiff's first and third requests and by the refusal of the court to grant a new trial on the ground of newly discovered evidence.

The question of whether a finding is inconsistent with rulings made by a trial judge is not open upon a report.

"Where a general finding is inconsistent with a ruling which has been made, the inconsistency may be remedied either by a motion to correct the ruling or by a motion for a new trial." *Biggs v. Densmore,* 323 Mass. 106 at 108, 109 and cases cited therein.

In *Beck v. Warren Institution for Savings,* 312 Mass. 315 an inconsistency of this character was made the subject of a motion for a new trial after which the judge corrected his action upon a request for ruling without changing his general finding and this procedure was approved by the court.

In the present case, while a motion for new trial was filed by the plaintiff, it was upon the ground of newly discovered evidence and no reference was made to the inconsistency of the judge's rulings. In fact the report does not show the evidence upon which the plaintiff based his motion for new trial which was denied by the judge. Under

ordinary circumstances the allowance of a motion for new trial is within the discretion of the trial judge. There is nothing in this record which indicates that there was any abuse of his discretion. *Pollock v. Swartz*, 302 Mass. 604.

Furthermore, it has been held that there is no inconsistency in granting a ruling that the evidence was sufficient to warrant a finding in favor of the plaintiff and then making a finding for the defendant. *Marquis v. Messier*, 303 Mass. 553, 556.

In the case at bar the trial judge specifically found that there was no negligence on the part of the defendant Gordon. No question of the correctness of the finding for the defendant except as such finding is affected by error in rulings of law is presented by the report. The Appellate Division cannot review findings of fact as such. *Adamaitis v. Met. L. Ins. Co.*, 295 Mass. 215 at 221. *Kelsey v. Hampton Court Hotel Co.*, 327 Mass. 150, 152 and cases there cited. If there is any evidence to sustain this finding by the trial judge, the finding must stand.

It rarely can be ruled that in a case heard upon oral evidence a party upon whom rests the burden of proof has sustained this burden as matter of law. *Winchester v. Missin*, 278 Mass. 427. We think Gordon's negligence was a question of fact for the judge to decide. The plaintiff's second request for

ruling could not have been given as a ruling of law. In any event it became immaterial in view of the finding that the defendant Gordon, who had nothing to do with the lighted cigarette, was not negligent.

No error of law appears in the conduct of the trial or in the findings and rulings of the trial judge and the report will be ordered dismissed.