### Northern District

## No. 5484

**ROSALIE PISCITELLO, PPA**

**v.**

**ALMY, BIGELOW & WASHBURN, INC.**

(March 1, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Harrington, J.,* in the District Court of Eastern Essex. No. 15286 of 1960.

*Eno, J.* This is an action with a declaration in two counts: the *first* in contract for breach of warranty, and the *second* in tort for negligence, in selling a defective and unsafe product. The answer is a general denial.

As reported there was evidence at the trial tending to prove only the following facts:

"In December, 1957, father of the plaintiff, a minor child of six years of age, purchased an electric toy iron as a Christmas gift for the child. The defendant, by its agent or servant, expressly stated that the toy was safe and would be safe to be used as a toy. On February 14, 1958, the child used the toy in a manner by which she suffered burns and other personal injuries. There was no defect in the iron. The injury occurred when the child inserted the plug improperly into the electric outlet, causing a short circuit which resulted in the injury. On February 20, 1958, plaintiff, through her father, gave notice to the defendant of the purchase and subsequent personal injuries."

The plaintiff duly asked the court to rule as follows:

"1. Based on all the evidence a finding for the plaintiff is warranted.

2. The fact that the plaintiff was injured when she tried to plug in the iron constituted a danger of which the defendant was aware or should have been aware."

The judge denied the first request, and allowed the second, subject to his "Memorandum of Findings and Rulings".

These, among others, included rulings "that the warranty of fitness extended to the child", and that "there has been no breach of warranty of fitness".

The report states that it contains "all the evidence material to the question reported".

It is to be noted that the plaintiff only claims to be aggrieved "by the Court's finding and ruling that 'there has been no breach of warranty of fitness' ". Accordingly we treat the question of the denial of the first request, and the conditional allowance of the second request for rulings, as waived.

There was no error. Assuming, without so deciding because it is unnecessary to do so, that the trial judge correctly ruled that the warranty of fitness extended to the child, the result would be the same since he found as a fact that there was no breach of warranty of fitness.

This is the only ruling to which the plaintiff has claimed a report.

There is no appeal from findings of facts but only from rulings of law. *Loanes v. Gast,* 216 Mass. 197, 199; *Dolham v. Peterson,* 297 Mass. 479, 481; *Streda v. Kessel,* 310 Mass. 588; *Kelsey v. Hampton Court Hotel,* 327 Mass. 150, 152; *E. A. Strout Realty Agency v. Gargan,* 328 Mass. 524.

The report shows most clearly that there was no defect in the toy, and that the

child received her injuries solely because she used it improperly.

■ We think that the duty in this case was on the parent who gave this toy to his child to instruct her how to use it properly.

■ As it was argued to us, and as the judge stated in his memorandum, there are many articles not inherently dangerous but which may become so if used improperly.

■ We think that any warranty was conditioned on using the toy properly.

*The report is to be dismissed.*

Solomon Sandler of Gloucester, for the Plaintiff.

Robert W. McNamara of Boston, for the Defendant.

■

*Western District*