*Western District*

## AVONDALE REALTY CORPORATION

v.

## WILLIAM P. LAVERTY

Argued: April 27, 1965—Decided: September 1, 1965

*Present*: Garvey, P. J., Moore & Allen, JJ.
Case tried to *Mellquist, J.* in the Central District Court of Worcester. No. 127455.

*Moore, J.* This is an action of contract to recover a real estate broker's commission.

*The evidence most favorable to the plaintiff was that* it was a real estate corporation licensed to act as a real estate broker; that Edward Reardon was president of the plaintiff corporation and also an attorney-at-law. Reardon acted as attorney for Loretta M. Laverty, whom we assume to be the wife of the defendant, William P. Laverty, who was charged with non-support in the Westboro District Court (First District Court of Eastern Worcester). Some time during the pendency of those proceedings Reardon told the defendant that the real estate in question should be sold. No price was mentioned. Later Reardon, Loretta and William Laverty again met at the District Court where William Laverty was told that a foreclosure of a

mortgage on the premises in question was imminent. After some discussion, Loretta Laverty *estimated* (emphasis supplied) a sale price for the property of $13,000.00 and William Laverty *estimated* a sale price of $12,500.00. It was then decided among Loretta, William, and Reardon that an appraisal should be had and the best price possible should be secured. James Reardon, father of Attorney Reardon, viewed the property, advertised it for sale and secured a potential buyer at a sales price of $12,000.00 and accepted a deposit of $100.00. A purchase and sale agreement was prepared by a law firm in Worcester and was mailed to Leo B. Forzley, Esquire, attorney for the defendant, by Reardon. This agreement was never signed. About four months later the property was sold by the defendant to another party for $12,200.00.

The trial judge in substance found as facts those items of evidence set forth above and found for the plaintiff and assessed damages in the sum of $623.20. The trial judge also found that the sale price was set at $12,000.00 but did not find by whom or whether the price obtained by the plaintiff was the best price possible to be secured.

The defendant filed seven requests for rulings of law and the report states that he claims to be aggrieved, only by the denial by the trial judge of the following requests:

"1. Upon all the evidence a finding for the defendant is warranted.

2. Upon all the law a finding for the defendant is warranted.

3. Upon all the law and evidence a finding for the defendant is warranted.

4. The plaintiff, upon all the evidence, has not maintained the burden of proving a prima facie case against the defendant."

The defendant in his brief stresses he is aggrieved by the findings of fact and the denial of requests for findings of fact. Findings of fact are not subject to a report to the Appellate Division. *Rendle v. Conley and Daggatt, Inc.,* 313 Mass. 712.

We therefore, will address our attention to the question as to whether there was prejudicial error in the denial of the defendant's requests for rulings of law.

We are of the opinion that the plaintiff has not maintained the burden of proof entitling it to recover. It is a fundamental rule of law as to the burden of proof that whenever the existence of any fact is necessary in order that a party may make out his case or establish a defense the burden is on such party to show existence of such fact. *Willett v. Rich,* 142 Mass. 356; *Burke v. Campbell,* 258 Mass. 153.

In the instant case it was necessary for the plaintiff to show that there was a contract between the plaintiff and the defendant whereby the defendant engaged the

plaintiff as a broker to sell the real estate in question and that the plaintiff produced a buyer ready, willing and able to purchase the same upon the defendant's terms. *Ripley v. Taft,* 253 Mass. 490. We cannot find that any evidence was offered tending to establish a contract between the plaintiff and defendant.

Assuming, but not deciding that there was a contract between the plaintiff and the defendant for the sale of the real estate for the best price possible, there was no evidence that the price obtained by the broker was the best price possible.

For the above reasons we believe that there was prejudicial error by the trial judge in denying defendant's request No. 4 and in denying defendant's request No. 1. We also feel that under the authority of *Vrusho v. Vrusho,* 258 Mass. 185 that the *judgment for the plaintiff should be vacated and judgment entered for the defendant and an order made to that effect.*