*Northern District*

No. 7508.

## AVIS G. MORAN

*v.*

## FRANK TELLO, d/b/a
## FRANK'S BEAUTY SALON

Argued: Aug. 19, 1971. - Decided: Oct. 21, 1971

*Present:* Parker, P.J., Durkin, Mason, J.J.

Case tried to *DeMarco, J.,* in the District Court of Somerville No. 13337.

**Durkin, J.** *This is an action of tort* where there was a finding for the plaintiff against the defendant hairdresser, on a count in negligence in giving the plaintiff a so-called permanent wave.

The entire basis for the judge's finding for the plaintiff is set forth in the following single paragraph of the report: *"at the trial there was evidence tending to show:* The plaintiff, who in the past had been a customer of the defendant for permanent waves, went to Frank Tello's Beauty Salon for a permanent wave about 3 - 7 days before October 5, 1968. That permanent did not "take" (permanent did not curl), so the plaintiff returned for a second permanent on October 5, 1968. While the operator named Rose was giving her this second permanent the plaintiff told the operator that her "scalp was burning and her head felt on fire". Rose said "That will go away." The next day when she brushed her hair, it came out in bunches. There were lacerations and sores on her scalp. The plaintiff returned to the Beauty Salon the next day and showed Rose and Frank her hair, whereupon Frank said he was sorry and offered to sell her a fall at half price." The report contains the state-

ment that "This report contains all the evidence material to the question reported."

The defendant filed, and the court denied, the following requests for rulings:

"1. The evidence does not warrant a finding for the plaintiff on Count One.

3. The evidence does not warrant a finding that the defendant, his agent or servant did not skillfully and carefully dress the plaintiff's hair as alleged.

4. The evidence does not warrant a finding that the defendant, his agent or servant were negligent as alleged.

5. The evidence does not warrant a finding that the defendant, his agent or servant applied chemicals to the plaintiff's head as alleged.

6. The evidence does not warrant a finding that the solutions allegedly applied to the plaintiff's head at the time of the permanent wave referred to in the declaration were the proximate cause of the plaintiff's alleged injuries."

The question raised by each of the defendant's requests on the single count of negligence was that the evidence does not warrant a finding for the plaintiff. The form and significance of this kind of request is discussed in *Forbes* v. *Gordon & Gerber, Inc.*, 298 Mass. 91, 95 and cases cited. The request that the evidence does not "warrant" a finding for his adversary raises a question of law as to the

sufficiency of evidence. *Whitney* v. *Whitney,* 317 Mass. 253, 256.

 The form of these requests may be the equivalent of a request for a finding in favor of the defendant and thus may be subject to the provisions of Rule 27 of the District Courts (1965) that "No review as of right shall lie to the refusal of a request for a ruling "upon all the evidence" in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." (See *Forbes* case, supra, at page 95.) Notwithstanding the lack of specification required by Rule 27, the Appellate Division may in its discretion review the refusal to grant such a request. See for example *McKenna* v. *Andreassi,* 292 Mass. 213, 216 and cases cited; *Pacheco* v. *Medeiros,* 292 Mass. 416, 419; *Milmore* v. *Landau,* 307 Mass. 589, 590; *Bern* v. *Consolidated Gas Co.,* 310 Mass. 651, 653.

 We do now proceed to consider the effect of the denial of these requests. No findings of fact are recited in the report. Obviously, therefore, the record can not be fairly susceptible of the construction that these requests had become immaterial because of facts found by the judge. We can determine whether the judge was guided by correct principles of law, only from contents of the report which are quoted above in their entirety, and in this case

the judge made no specific findings of fact that has rendered the defendant's requests inapplicable.

The plaintiff was required to prove by a preponderance of evidence that her injuries were caused by the defendant's negligence, as for example in *Gavin* v. *Kluge,* 275 Mass. 372 as to proper precautions taken or not taken against burning in the application of a permanent wave, or as in *Henry* v. *Mansfield Beauty Academy, Inc.,* 353 Mass. 507, where there was evidence of violation of specific limitations including "important don'ts" as to the use of waving solutions, or as in *Barnett* v. *Roberts,* 243 Mass. 233, where the judge found that some "dangerous and harmful substance" was applied.

On the other hand, conjecture and surmise will not be sufficient, as for example in *Harrod* v. *Edward E. Tower Co.,* 346 Mass. 532, or in *Benavides* v. *Stop & Shop, Inc.,* 346 Mass. 154.

The grievance of the defendant in bringing this review of the denial of his requests, is that the evidence does not permit the finding for the plaintiff.

It has repeatedly been held "that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error". *Povey* v. *Colonial*

*Beacon Oil Co.,* 294 Mass. 86, 93, and cases cited.

The trial judge in a case like the present performs a dual function. "He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved." *Adamaitis* v. *Metropolitan Life Ins. Co.,* 295 Mass. 215, 219; *Cameron* v. *Buckley,* 299 Mass. 432, 433.

"It was error to deny, (a request) unless as matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated that it was inapplicable or immaterial because of the findings." *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603, 604.

In *Bresnick* v. *Heath,* 292 Mass. 293, 298, it was said of the denial of a plaintiff's request that it was error because "The record is not fairly susceptible of the construction that this request was denied because rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendants on the facts (citing cases). That course was not pursued.

It cannot be said that this was harmless error. ... But the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 7. That is an error which this court cannot correct except by reversing the decision ...." See also *Bern* v. *Boston Consolidated Gas Co.*, 310 Mass. 651, 653.

The report of the judge, which is all that we have before us, does not demonstrate that the requested rulings were inapplicable or immaterial because of any findings appearing in the report. The denial of the defendant's requests was prejudicial error.

Obvious inadequacies in the presentation of the case in the court below and in the preparation of the record which is before us do not lead us to believe that justice requires another trial. It is sufficient for our decision that the record before us does not demonstrate that the finding for the plaintiff was based upon evidence legally sufficient to sustain such a finding.

**The finding for the plaintiff is to be vacated and judgment ordered for the defendant.**

ANTHONY P. GARGUILO
for the plaintiff.

JOHN ARTHUR JOHNSON
for the defendant.