Donovan, J.
This is an action in contract brought by the plaintiff, Canterbury Construction Corporation, to recover money damages in connection with the construction of a private road in Mashpee, Massachusetts. In addition, the complaint also included a count under G.L. c. 93A, § 11, which the plaintiff waived prior to trial. The trial court found for the plaintiff in the amount of $38,917.00. Defendant now claims to be aggrieved by the findings of the court, the allowance of plaintiffs motion to amend the complaint and the court’s denial of defendant’s request for rulings of law numbers 1,3,4,5,6,7,8, 9, 10, 11,12,15, 16, and 17.
We note at the outset that, at the hearing before this tribunal, appellant’s counsel clearly stated that the thrust of his argument on appellate review centered upon defendant’s objection to the admission into evidence and testimony concerning exhibits 24 and 27 at trial. We also note that the report of the trial judge makes clear the fact that the defendant did not file any timely request for a report of any evidentiary ruling under Dist./Mun. Cts. R. Civ. P., Rule 64(a), which provides in part:
When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the ruling and shall be reduced to writing and filed with the clerk within 5 days after the hearing of all the evidence.
At the hearing before the appellate division, appellant’s counsel admitted that he did not request a claim of report or reduce the objection to writing within the time frame prescribed by the rule. The appellant is not entitled to a review of the evidentiary rulings made by the trial judge.
The defendant’s first request for a ruling attempts to limit the scope of proof at trial to what is contained in the pleadings. The court’s denial of the request referenced Dist/Mun. Cts. R. Civ. P., Rule 15(b), which provides in part:
... If evidence is objected to at the trial on the ground that it is not within the issues of the pleadings, the court may allow the pleadings to be amended and shall do so when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits ...
Defendant shows and we find no abuse of discretion on the part of the trial *114 judge in allowing such an amendment.
We note the general rule that there is no appeal from findings of fact, but only from rulings of law. Piscitello v. Almy, Bigelow & Washburn, Inc., 21 Mass. App. Dec. 10, 12 (1961). Butler v. Cromartie, 339 Mass. 4, 6 (1959). Findings of fact are not reviewable by the appellate division, unless such findings are affected by errors in rulings of law. Foster v. Simons Burner and Petroleum Corp., 20 Mass. App. Dec. 14, 19 (1960). In the case at bar, plaintiffs requests for rulings of law numbers 3, 4, 5, 6, 7, 8,. 9, 10, 11 and 12 challenge the sufficiency of certain evidence to support the judge’s findings of fact.
It is not the function of the appellate division to deal with the weight or credibility of the evidence, nor does it make decisions of fact. Appleton v. Hickey, 50 Mass. App. Dec. 17, 21-22 (1972).Whenapartyto an action wishes to test whether the evidence, when viewed in its most favorable light to the adverse party, would permit a finding for the adverse party, he should request a ruling that the evidence does not warrant a general finding for the adverse party. Moran v. Tello, 47 Mass. App. Dec. 62, 64-65 (1971). Only then are such findings reviewable [See Avondale Realty Corp. v. Laverty, 32 Mass. App. Dec. 168, 171 (1965)] and they cannot be set aside except when there is no foundation for them in the evidence or they are plainly wrong. Karas v. LeVay, 38 Mass. App. Dec. 179, 186 (1967). We find ample supportive evidence in the record for the findings of the trial judge with respect to these rulings.
Defendant’s request for ruling No. 15 addresses the issue of admissibility of photocopies, where the originals have not been accounted for. The court allowed the request as a general statement of the best evidence rule, but deemed it inapplicable in light of the absence or preservation of the issue pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(a). Under Rule 64(a), a party aggrieved by an objection made to a ruling on the admission or exclusion of evidence must request a report at the time of the ruling. The report clearly indicates that the defendant did not do so.
Rulings 16 and 17concerned the G.L. c. 93A claim, which the plaintiff waived prior to trial. Thus, these two requests for rulings were made irrelevant, and the trial court deemed them inapplicable in light of the waiver. We find no error.
Finally, defendant objects to the trial judge’s allowance of plaintiffs motion to amend the complaint, to increase the amount claimed, which was brought prior to trial. The plaintiff alleged at the- hearing, uncontroverted by the defendant, that defendant had received an invoice for the higher-amount months earlier, with certain backup documentation. The defendant had not sought or obtained any discovery prior to trial. The general rule is that “a motion to amend should be allowed unless some good reason appears for denying it.” Castellucci v. U.S. Fidelity & Guaranty Co., 372 Mass. 288, 289 (1977). Coolidge Bank & Trust Co. v. First Ipswich, 8 Mass. App. Ct. 348 (1980). There is no evidence in the report of prejudice to the defendant, and we find that the allowance of plaintiffs motion by the trial judge was proper.
There being no error, the report is dismissed..